NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TEAM 44 RESTAURANTS, LLC; et al., | No. 22-15403 |
| Plaintiffs-Appellants, | D.C. No. 2:21-cv-00404-DJH |
| v. | |
| AMERICAN INSURANCE COMPANY; GREENWICH INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submission Deferred January 19, 2023
Submitted June 22, 2023[**]
Phoenix, Arizona

Before: GRABER, CLIFTON, and CHRISTEN, Circuit Judges.

Plaintiffs Team 44 Restaurants, LLC, and various individual restaurants that

it operates brought this action against Defendants The American Insurance

Company and Greenwich Insurance Company under business insurance policies

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

covering Plaintiffs' commercial property. Plaintiffs allege that Defendants improperly denied coverage because the COVID-19 pandemic and related government regulations caused "direct physical loss of or damage to Covered Property." The district court dismissed the action and denied leave to amend as futile. Reviewing de novo the dismissal and the futility of amendment, Cohen v. ConAgra Brands, Inc., 16 F.4th 1283, 1287 (9th Cir. 2021), we affirm.[1]

Arizona law applies in this diversity action. The interpretation of an insurance policy generally is a question of law. Lennar Corp. v. Transamerica Ins. Co., 256 P.3d 635, 641 (Ariz. Ct. App. 2011). We must predict how the Arizona Supreme Court would interpret the insurance policies at issue here. Albano v. Shea Homes Ltd. P'ship, 634 F.3d 524, 530 (9th Cir. 2011).

1. The district court correctly concluded that Plaintiffs fail to state a claim. Plaintiffs argue that they suffered a "direct physical loss" because "[t]he right to operate Plaintiffs' businesses as dine-in facilities is a tangible property right," which was diminished. In other words, they contend that the temporary loss of full use of their properties is covered under the applicable policies.[2] We disagree.

---

[1] Plaintiffs' motion for certification to the Arizona Supreme Court, Docket No. 14, is DENIED.

[2] Plaintiffs do not allege that particles of COVID-19 were present on their premises and thereby caused physical damage. They allege only that any loss or damage was caused by the governmental regulations that resulted from the pandemic.

2

We are persuaded that the Arizona Supreme Court would follow the overwhelming consensus that temporary loss of use is not covered by a "direct physical loss of or damage to property" provision in this context.  The only Arizona court to have addressed the issue has rejected Plaintiffs' interpretation. KLOS Enters. LLC v. Cincinnati Ins. Co., No. CV 2020-010496, 2021 WL 4304010 (Ariz. Super. Ct. Feb. 11, 2021).  And courts of appeal throughout the country, applying laws of other states, have rejected Plaintiffs' interpretation.  See, e.g., Uncork & Create LLC v. Cincinnati Ins. Co., 27 F.4th 926, 931–34 (4th Cir. 2022) (applying West Virginia law and collecting cases applying the laws of Texas, New York, Ohio, Illinois, Iowa, California, Oklahoma, and Georgia); Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am., 15 F.4th 885, 892 (9th Cir. 2021) (applying California law); Oral Surgeons, P.C. v. Cincinnati Ins. Co., 2 F.4th 1141, 1144 (8th Cir. 2021) (applying Iowa law); Hill & Stout, PLLC v. Mut. of Enumclaw Ins. Co., 515 P.3d 525, 532 (Wash. 2022) (applying Washington law); Colectivo Coffee Roasters, Inc. v. Soc'y Ins., 974 N.W.2d 442, 447–49 (Wis. 2022) (applying Wisconsin law).  The phrase "direct physical loss of or damage to" property requires some form of "physical alteration of property," not merely loss of use.  Mudpie, 15 F.4th at 892.

Plaintiffs cite a few trial-court decisions in support of its contrary interpretation, but in our view the Arizona Supreme Court would not follow the

3

reasoning of those decisions. One need not interpret "physical loss" as encompassing loss of intended use of a property in order for the term to have meaning distinct from "damage." Theft of property, for example, would constitute a physical loss but not damage. Moreover, many of the cases that Plaintiffs cite are unpersuasive for additional reasons. Some of the cases have been superseded by authoritative determinations by courts of appeal. See, e.g., Snoqualmie Ent. Auth. v. Affiliated FM Ins. Co., No. 21-2-03194-0 SEA, 2021 WL 4098938 (Wash. Super. Ct. Sept. 3, 2021) (applying Washington law, decided before the Washington Supreme Court rejected the interpretation in Hill & Stout, 515 P.3d 525); Perry St. Brewing Co. v. Mut. of Enumclaw Ins. Co., No. 20-2-02212-32, 2020 WL 7258116 (Wash. Super. Ct. Nov. 23, 2020) (same). Other cases involve allegations—not made in this case—that particles of COVID-19 were present on the insured premises and caused physical contamination. E.g., Novant Health Inc. v. Am. Guarantee & Liab. Ins. Co., 563 F. Supp. 3d 455, 459–60 (M.D.N.C. 2021); Studio 417, Inc. v. Cincinnati Ins. Co., 478 F. Supp. 3d 794, 802 (W.D. Mo. 2020). We have carefully considered Plaintiffs' arguments, the insurance policies at issue, and Arizona law, and we conclude that the district court correctly interpreted the policies at issue here.

2. The district court correctly held that amendment would have been futile. The allegations in Plaintiffs' proposed amended complaint do not support the

4

application of any of the four prongs of the "reasonable expectations" doctrine under Arizona law.  Gordinier v. Aetna Cas. & Sur. Co., 742 P.2d 277, 283–84 (Ariz. 1987).

(a) For the reasons stated above, the reasonably intelligent, average insured would not have expected coverage due to governmental shutdown orders that caused no physical alteration of Plaintiffs' properties.

(b) Plaintiffs had adequate notice of the term in question because they received copies of the insurance policy, and the term appears in an ordinary location at the outset of the policy.  See Vencor Inc. v. Nat'l States Ins. Co., 303 F.3d 1024, 1038 (9th Cir. 2002) (holding that this prong of Arizona's "reasonable expectations" doctrine was not met because the insured received the policy and "[t]he pertinent language is contained in precisely the location where one would look for it, the basic coverage provision, not in a definitional section, small print addenda, or other out-of-the-way part of the policy").

(c) & (d) The unspecified statements by Plaintiffs' own broker are not "reasonably attributed to the insurer." Gordinier, 742 P.2d at 284.  "[T]he impression or expectation of coverage must be based on actions reasonably attributable to the insurer, not the non-agent broker through which the insured procured the [insurance] policy." Colony Ins. Co. v. Est. of Anderson ex rel. Johnson, No. 1 CA-CV 14-0819, 2016 WL 796983, at *6 (Ariz. Ct. App. Mar. 1,

2016) (unpublished).  The allegations in the amended complaint do not establish that the brokers were Defendants' agents.  Unlike in <u>Sparks v. Republic Nat'l Life Ins. Co.</u>, 647 P.2d 1127, 1140–42 (Ariz. 1982), the complaint here alleges neither that any broker identified itself as an agent of a Defendant nor that Defendants required the brokers to certify that they had explained the coverage in detail (or indeed, that Defendants required the brokers to certify anything or to take any acts).  <u>See</u> <u>Curran v. Indus. Comm'n</u>, 752 P.2d 523, 525–27 (Ariz. Ct. App. 1988) (distinguishing <u>Sparks</u> on similar grounds and explaining at length the distinction between an insurance agent and an independent broker).

**AFFIRMED.**